UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CURTIS JAMES BINGHAM, | ) | |
| | ) | Case No. 1:25-cv-100 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Dumitru |
| BRADLEY COUNTY, TENNESSEE, | ) | |
| BRADLEY COUNTY SHERIFF, and | ) | |
| JOHN DOES 1–5, | ) | |
| | ) | |
| *Defendants*. | ) | |

# MEMORANDUM OPINION

Plaintiff is a federal prisoner currently incarcerated in the United States Penitentiary in Victorville, California ("Victorville"). He was formerly confined in the Bradley County Jail. Plaintiff's pro se complaint for violation of U.S.C. § 1983 alleges he was injured while being transported from his confinement in the Bradley County Jail and denied medical care for his injuries. [Doc. 3]. He also filed motions regarding proceeding *in forma pauperis* [Docs. 1, 7], and a motion to file his complaint without using a complaint form [Doc. 2]. The Court addresses Plaintiff's *in forma pauperis* motions [Docs. 1, 7] before screening the Complaint [Doc. 3].

## I.   FILING FEE

For good cause shown therein, Plaintiff's motion for extension of time to file his *in forma pauperis* documents [Doc. 1] is **GRANTED**. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue,

Suite 309, Chattanooga, Tennessee 37402 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

In Plaintiff's complaint, which he mailed to the Court on approximately February 26, 2025, [Doc. 3-1 p. 1], Plaintiff alleges that on February 29, 2023, John Doe Defendants "failed to properly secure Plaintiff in the transport vehicle," and that Plaintiff "was fully restrained during the transport, with restraints securing his waist, wrists, and legs, severely limiting his ability to move or protect himself in the event of sudden vehicle movements." [Doc. 3 p. 5]. John Doe Defendants then operated the vehicle "negligently and recklessly, including driving at unsafe speeds and failing to properly navigate road conditions," and "the vehicle struck a curb with force, causing Plaintiff . . . to be thrown violently from his seat," which caused him "severe injuries." [*Id.* at 5–6].

Plaintiff told unspecified Bradley County officers about his injuries when they arrived at their destination, but they "initially dismissed" his complaints "and he was not given an immediate medical evaluation." [*Id.* at 6]. Plaintiff was eventually taken to a hospital, where he was diagnosed with various injuries that required "further evaluation and follow-up treatment," but unspecified

Bradley County officials did not provide Plaintiff the additional evaluation and treatment and instead transferred him to federal custody, specifically "USP Victorville" [*id.* at 6–7], which Plaintiff entered on April 3, 2023. [*Id.* at 22]. Plaintiff then did not receive proper medical care in federal custody. [*Id.* at 7–8].

Plaintiff has sued the United States of America, Bradley County, Tennessee, the Bradley County Sheriff, and John Doe Defendants 1–5. [*Id.* at 1]. Based on the factual allegations summarized above, Plaintiff asserts the following: (1) claims for negligence and negligence per se against Bradley County, the Bradley County Sheriff's Office, and the John Doe Defendants [*id.* at 8–10, 16–17]; (2) a Federal Tort Claims Act claim against the United States [*id.* at 10–12]; (3) a breach of contract claim against Bradley County [*id.* at 12–13]; (4) a "breach of duty" claim against Bradley County, the Bradley County Sheriff, and the John Doe Defendants [*id.* at 13–15]; and (5) a "failure to train and supervise" claim against Bradley County and the Bradley County Sheriff [*id.* at 15–16].

**C.    Analysis**

First, Plaintiff's claims for negligence, "breach of duty,"[1] and breach of contract against Bradley County, the Bradley County Sheriff, and/or the John Doe Defendants who are associated with Bradley County are personal injury actions subject to a one-year statute of limitations under Tennessee law. *Giro v. Wilburn*, No. E2023-01541-COA-R3-CV, 2024 WL 3690901, at *1 (Tenn. Ct. App. Aug. 7, 2024) ("The statute of limitations for personal injury actions is one year." (citing Tenn. Code Ann. § 28-3-104)). Additionally, to the extent that Plaintiff's complaint alleges plausible violations of his constitutional rights under § 1983, Tennessee's one-year statute of

---

[1] As breach of a duty is a required element of a negligence claim under Tennessee law, *Williams v. Holt*, No. M2024-01188-COA-R3-CV, 2025 WL 1262413, at *4 (Tenn. Ct. App. May 1, 2025), it is apparent that Plaintiff's "breach of duty" allegations are part of his negligence claims.

limitations also applies to those claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (providing that district courts apply state statutes of limitations § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(3) (setting forth Tennessee's one-year statute of limitations for § 1983 actions). Thus, as the record demonstrates that Plaintiff filed his complaint in this action nearly two years after he left Bradley County custody [*Id.* at 22], all of Plaintiffs claims against Bradley County, the Bradley County Sheriff, and John Doe Defendants associated with Bradley County[2] are untimely. Accordingly, the complaint fails to state a plausible claim for violation of § 1983 as to these Defendants, and they are **DISMISSED**.

The only claim that remains arises out of Plaintiff's allegation that he failed to receive adequate medical care in USP Victorville. However, this Court is not the proper venue for this claim. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

The events underlying the remaining claim in Plaintiff's complaint occurred in USP Victorville, which is in the United States District Court for the Central District of California. *See*

---

[2] To the extent the complaint may be construed to allege claims against John Doe Defendants associated with USP Victorville, this order does not address any such claims.

28 U.S.C. § 84(c)(1). That is the proper venue for this claim. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties). Accordingly, the Court will transfer the remainder of this action to the United States District Court for the Central District of California so that it may screen the remainder of the complaint pursuant to the PLRA and resolve Plaintiff's remaining motion [Doc. 2].

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for extension of time to file the *in forma pauperis* documents [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 7] are **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Bradley County, the Bradley County Sheriff, and the John Doe Defendants associated with Bradley County;

5. Accordingly, all Bradley County and/or John Doe Defendants associated with Bradley County will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Clerk will be **DIRECTED** to transfer the remainder of this action to the United States District Court for the Central District of California and to close this Court's file.

A separate judgment order will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**